**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARK RAYMOND HURLEY AND ANNIE HURLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-131-BAJ-SDJ** |
| **LIBERTY MUTUAL INSURANCE COMPANY AND LIBERTY MUTUAL FIRE INSURANCE COMPANY** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 5, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK RAYMOND HURLEY AND ANNIE HURLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-131-BAJ-SDJ** |
| **LIBERTY MUTUAL INSURANCE COMPANY AND LIBERTY MUTUAL FIRE INSURANCE COMPANY** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a motion by Plaintiffs Mark Raymond Hurley and Annie Hurley to remand this matter to the 20th Judicial District Court ("JDC") for the Parish of East Feliciana, State of Louisiana. (R. Doc. 5). Defendant Liberty Mutual Fire Insurance Company[1] does not oppose remand, as set forth in its Response to Motion to Remand (R. Doc. 8).

For the reasons that follow, it is recommended that Plaintiff's Motion to Remand be **granted**, and that this matter should be **remanded** to the 20th JDC for the Parish of East Feliciana, State of Louisiana.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2020, Plaintiffs filed suit against Defendant in the 20th JDC.[2] The suit involves an insurance policy Plaintiffs purchased from Defendant to provide coverage for their home in Clinton, Louisiana.[3] Plaintiffs claim that in 2014, a hot water heater on the property began leaking, causing damage to the "entire substructure of the dwelling."[4] Plaintiffs made a claim against their insurance policy with Defendant, which claim Defendant "partially adjusted" and

---

[1] In its Notice of Removal, Defendant states that it was "improperly named [in the lawsuit] as 'Liberty Mutual Insurance Company and/or Liberty Mutual Fire Insurance Company."
[2] R. Doc. 1-2, p. 1.
[3] R. Doc. 1-2, p. 1.
[4] R. Doc. 1-2, p. 1.

repaired part of the damage.[5]  Issues with the water heater continued through 2019, at which time Defendant told Plaintiffs the damage was caused by another source and did not further repair the property.[6]  Plaintiffs subsequently filed suit against Defendant in state court, asserting damages in excess of $50,000.[7]

In response, Defendant removed the matter to this Court on March 9, 2020, asserting subject matter jurisdiction under 28 U.S.C. § 1332(a).[8]  Per Defendant, there exists complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.[9]  Plaintiffs followed with a Motion to Remand, filed April 6, 2020, stating that the amount in controversy does not exceed $75,000.[10]  Attached to the Motion to Remand is an affidavit by Plaintiffs with attached "estimate for damages and receipts for additional repairs to the property."[11]  Plaintiffs state in their affidavit that "[a]ppearers do not believe themselves entitled to recovery of a sum in excess of $75,000.00; the amount Plaintiffs believe will make them whole is as set forth in the attached, plus interest at the legal rate and costs of court."[12]  The attached receipts and estimates total $60,246.97.[13]

On May 5, 2020, defense counsel faxed a letter to the Court giving notice that Defendant "will not oppose" Plaintiffs' Motion to Remand.[14]  Defendant subsequently filed its Response to Plaintiffs' Motion to Remand, referencing its prior letter to the Court and again stating that Defendant will not oppose the Motion to Remand because the amount in controversy is not met.[15]

---

[5] R. Doc. 1-2, p. 1.
[6] R. Doc. 1-2, p. 2.
[7] R. Doc 1-2, p. 2.
[8] R. Doc. 1, p. 2.
[9] R. Doc. 1, p. 2.
[10] R. Doc. 5, p. 1.
[11] R. Doc. 5-2.
[12] R. Doc. 5-2, p. 1.
[13] R. Doc. 5-2, pp. 2-7.
[14] R. Doc. 8-1.
[15] R. Doc. 8, p. 1.

## II.     LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Significantly, the removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Defendant here has the burden of proving federal jurisdiction, including that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Here, the parties agree that, while there is complete diversity,[16] the amount in controversy has not been satisfied under 28 U.S.C. § 1332(a). Further, neither party has presented any evidence to substantiate a claim that Plaintiff's damages exceed the jurisdictional threshold. *See Mercado v. Dolgencorp, Inc.*, No. 07-795, 2008 WL 11350280, at *5 (M.D. La. May 12, 2008) (in granting motion to remand, court considered, *inter alia*, the allegation in the state court petition that plaintiff's damages do not exceed $50,000, defendant's failure to produce any summary judgement-type evidence demonstrating the jurisdictional amount is met, and the post-removal

---

[16] Plaintiffs are citizens of Louisiana. R. Doc. 1, p. 2. Defendant is incorporated in Wisconsin, with its principal place of business in Massachusetts. R. Doc. 1, p. 3. It, therefore, is a citizen of Wisconsin and Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

stipulation by plaintiff clarifying the amount in controversy at the time of removal); *Vaughn v. Todd*, 71 F.Supp.2d 570, 573 (E.D. La. 1999) (remanding case where complaint does not specify an amount of damages, defendants offer only conclusory statements in their notice of removal, and plaintiffs offer a "timely, unrebutted affidavit indicating the requisite amount was not present"). Under such circumstances, remand is appropriate. *See Republic Fire & Cas. Co. v. Zurn Indus., Inc.*, No. 10-580, 2010 WL 4116668, at *2 (M.D. La. Sept. 23, 2010 ("In light of the specific amount of damages sought by plaintiff in the complete copy of the petition and the agreement between the parties that the amount in controversy is not satisfied, it is clear that the plaintiff's claim does not satisfy the amount in controversy requirement, and that the motion to remand should be granted."). *See also Hoffman v. Hartford Ins. Co. of the Midwest*, No. 08-199, 2008 WL 504056, at *1 (E.D. La. Feb 20, 2008) (granting motion to remand based on "stipulation" that jurisdictional amount was not in controversy at the time of removal and noting that even if such stipulation was not binding under Louisiana law, it was "nonetheless, strong evidence of the jurisdictional amount…").

### III.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 5) be **GRANTED** and this matter be **REMANDED** to the 20th Judicial District Court for the Parish of East Feliciana, State of Louisiana.

Signed in Baton Rouge, Louisiana, on August 5, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**